UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| UNITED STATES OF AMERICA, | Case No. 3:22-cr-00018-HDM-CLB |
|---|---|
| Plaintiff, | |
| v. | ORDER |
| BRENDA BARRINGER, | |
| Defendant. | |

The defendant, Brenda Barringer, has filed a motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2), U.S.S.G. § 1B1.10 and Amendment 821 (ECF No. 61). On June 24, 2024, the Federal Public Defender filed a "Notice of Non-Eligibility" pursuant to Second Amended General Order 2023-09, indicating that Barringer is not entitled to a sentence modification under Amendment 821. (ECF No. 68). The court agrees.

Section 3582(c)(2) allows the court to modify a term of imprisonment for "a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by" a retroactive amendment to the Sentencing Guidelines. *See id.*; U.S.S.G. § 1B1.10(a)(1)-(2). After Barringer was sentenced, U.S.S.G. § 4A1.1 was amended – by way of Amendment 821 - to reduce or eliminate the number of criminal history points counted when an offender commits the instant offense while under a criminal justice sentence, otherwise referred to as "status points." Prior to the amendment, qualifying offenders, like Barringer, received two

1

status points. Following the amendment, only one point is now assigned, and only to an offender who has 7 or more other criminal history points. The amendment was made retroactive and may therefore support a sentence modification under § 3582(c)(2) and U.S.S.G. § 1B1.10. U.S.S.G. § 1B1.10(d).

Here, the PSR calculated Barringer's criminal history score to be 10, including her two status points. (PSR ¶ 49). This would have put Barringer into a criminal history category V. But at sentencing, the court determined it would not assign one point for Barringer's ¶ 42 conviction, which reduced Barringer's score to 9 and her category to IV. Because Barringer had at least 7 criminal history points before receiving the status points, her criminal history score is reduced by one point pursuant to Amendment 821. With a criminal history score of 8, however, Barringer is still a category IV, so her guideline range does not change. Thus, because Amendment 821 did not have the effect of lowering the guideline range applicable in this case, Barringer is not eligible for relief under § 3582(c)(2) and U.S.S.G. § 1B1.10.[1] The motion for sentence reduction (ECF No. 61) must be, and hereby is, DENIED.

IT IS SO ORDERED.

DATED: This 2nd day of July, 2024.

*Howard D McKibben*

UNITED STATES DISTRICT JUDGE

---

[1] Amendment 821's other retroactive provision relates to a reduction in offense level for certain zero-point offenders. Because Barringer was not a zero-point offender, this provision does not apply.

2